IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v.  § | CIVIL ACTION NO.7:17-CV-0048 |
| § | |
| OSCAR AGUIRRE, JR., and TRIPP § | |
| CONSTRUCTION, INC. § | |
| § | |
| Defendants. § | |

## UNION PACIFIC'S COMPLAINT AND DEMAND FOR JURY TRIAL

Union Pacific Railroad Company, for its cause of action against the Oscar Aguirre, Jr. and Tripp Construction, Inc. ("Defendants"), states and alleges as follows:

## PARTIES

1. Plaintiff, Union Pacific Railroad Company ("Union Pacific"), is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located in Omaha, Nebraska. Union Pacific operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board.

2. Defendant Oscar Aguirre, Jr. ("Defendant Aguirre") is an individual who resides at 2215 E. 11th Street, Odessa, Ector County, Texas, 79761. Defendant Aguirre is domiciled in the state of Texas as Defendant Aguirre is physically present in the state and intends to remain there indefinitely. Defendant Aguirre may be served by delivering service of process to his address.

3. Defendant Tripp Construction, Inc., ("Defendant Tripp") is a corporation organized and existing under the laws of the state of Texas with its principal place of business located at 1073 N. FM 1936 Odessa, Ector County, Texas 79763. Defendant Tripp may be

served by delivering service of process to its Registered Agent , Joe C. Young, 1202 Farm Road 1936, Odessa, Texas, 79760.

## JURISDICTION AND VENUE

4. Paragraphs 1 through 3 of this Complaint are incorporated herein as though fully set forth herein.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), in that the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship.

6. Venue of this action is appropriate in the United States District Court for the Western District of Texas, Midland- Odessa Division, pursuant to 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred within the District.

## FACTS

7. Paragraphs 1 through 6 of this Complaint are incorporated as though fully set forth herein.

8. Union Pacific is a Class I Railroad which transports goods and supplies for customers throughout the central and western part of the United States.

9. On June 25, 2015, at approximately 9:23 A.M., Defendant Aguirre was operating a truck and lowboy trailer ("Truck") in a northbound direction on a private road just north of Interstate Service Road 20 in Odessa, Ector County, Texas. The private road is to the east of FM 1053.

10. In same location referenced in paragraph 9, Union Pacific owns and operates railroad tracks as part of its Toyah Subdivision. The railroad tracks run east and west, parallel to Interstate 20 Service Road and Interstate 20. The private road referenced in paragraph 9 crosses

Union Pacific's railroad tracks at or around Mile Post 599.23 of the Toyah Subdivision, ("Crossing").

11. While operating the Truck at the date, time and location referenced in paragraphs 9 and 10, Defendant Aguirre attempted to traverse the Crossing. As he did so, the Truck became high-centered or stuck on the Crossing.

12. At approximately the same time, Union Pacific Train ZLAMN3 24, Lead Locomotive UP 7465, was traveling east towards the Crossing. While the Truck was high-centered, a collision occurred with Union Pacific's train causing damage to the locomotive, subsequent train delay and crossing signal mast damages.

13. Defendant Tripp owns the Truck.

14. At all times material to this action, Defendant Aguirre was acting in the course and scope of his employment with, or as an agent of Defendant Tripp. As a result, Defendant Tripp is responsible for the acts or omissions of Defendant Aguirre.

15. Pursuant to Texas Transportation Code § 545.42, "an operator my not drive on or cross a railroad grade crossing unless the vehicle being operated has sufficient undercarriage clearance."

16. Pursuant to Texas Transportation Code § 545.302, an operator of vehicle may not stop, stand or park a vehicle on a railroad track.

## COUNT I:  NEGLIGENCE AS TO DEFENDANTS

17. Paragraphs 1 through 16 of this Complaint are incorporated as though fully set forth herein.

18. At all times material to this action, Defendant Aguirre owed a duty to operate the Truck as a reasonably prudent person under like or similar circumstances and in accordance with the Texas Transportation Code.

19. At all times material to this action, Defendant Tripp owed a duty to provide its employee or agent with a vehicle that can be operated in accordance with the Texas Transportation Code. Defendant Tripp is also responsible for the acts or omissions of Defendant Aguirre as he was acting the course and scope of his employment with or as an agent of Defendant Tripp.

20. Defendants were negligent in the following particulars, to wit:

   a. In violating Texas Transportation Code §§ 545.42 and 545.302;

   b. Failing to maintain reasonable and proper control of the Truck for the conditions then and there existing;

   c. Failing to exercise reasonable care in crossing the railroad tracks;

   d. Failing to yield the right-of way;

   e. Failing to maintain a proper lookout;

   f. Failing to remove the Truck the tracks before the collision;

   g. Failing to properly warn Union Pacific of the Truck being stopped on the tracks; and

   h. Failing to operate the Truck in a reasonable manner under the conditions then and there existing.

21. Defendants' negligence was a proximate cause of the collision between the Truck and Union Pacific's train.

22. As a proximate cause of Defendants' negligence, Union Pacific sustained damages totaling ONE HUNDRED NINE THOUSAND ONE HUNDRED FIVE AND 75/100 DOLLARS ($109,105.75).

WHEREFORE Union Pacific hereby prays for a judgment of this Court in its favor and against Defendants for its damages totaling ONE HUNDRED NINE THOUSAND ONE HUNDRED FIVE AND 75/100 DOLLARS ($109,105.75), attorneys' fees, pre-judgment and post-judgment interest, its costs incurred in prosecuting this action, and such other reasonable sums as this Court deems just and equitable.

## COUNT II – NEGLIGENCE *PER SE*

23. Paragraphs 1 through 22 of this Complaint are incorporated as though fully set forth herein.

24. Texas Transportation Code §§ 545.42 and 545.302 are legislatively imposed standards of conduct defining the reasonable conduct of Defendants.

25. Defendants violated Texas Transportation Code §§ 545.42 and 545.302.

26. The harm suffered by Union Pacific is the kind of harm Texas Transportation Code §§ 545.42 and 545.302 are intended to prevent.

27. Defendants' violation of Texas Transportation Code §§ 545.42 and 545.302 caused Union Pacific's damages, which total ONE HUNDRED NINE THOUSAND ONE HUNDRED FIVE AND 75/100 DOLLARS ($109,105.75).

WHEREFORE Union Pacific hereby prays for a judgment of this Court in its favor and against Defendants for its damages totaling ONE HUNDRED NINE THOUSAND ONE HUNDRED FIVE AND 75/100 DOLLARS ($109,105.75), attorneys' fees, pre-judgment and

post-judgment interest, its costs incurred in prosecuting this action, and such other reasonable sums as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

28.     Plaintiff, pursuant to FRCP 38, demands a trial by jury on all issues so triable.

DATED this 6th day of March, 2017.

<div style="margin-left: 3em;">

Respectfully submitted,

*/s/ John W. Proctor*
John W. Proctor
Texas State Bar No. 16347300
jproctor@browndean.com
BROWN, DEAN, PROCTOR & HOWELL, L.L.P.
306 W. 7th Street, Suite 200
Fort Worth, Texas  76102
Telephone: 817.332.1391
Facsimile: 817.870.2427


**ATTORNEYS FOR UNION PACIFIC RAILROAD COMPANY**

</div>